FILED
99 JAN 25 PH 4:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN P. FAHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 98-JEO-2230-S |
| | ) | |
| BUSINESS VENTURES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ENTERED
JAN 26 1999

## MEMORANDUM OPINION

Plaintiff Stephen P. Fahy ("Fahy") asserts that defendant Business Ventures, Inc. ("Business Ventures") willfully failed to pay him overtime wages he was entitled to under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. §§ 201, *et seq.* According to the complaint, Business Ventures is an employer and business enterprise located in this district involved in interstate commerce, as that term is defined by the FLSA. *See* 29 U.S.C. § 203. It also alleges that Fahy was formerly employed by Business Ventures as a hourly employee from about August 27, 1995, until 1997. It further alleges that Fahy is entitled to compensation because Business Ventures willfully misclassified him as exempt from the Act.

Business Ventures has filed an answer and a counterclaim for damages pursuant to the Alabama Litigation Accountability Act ("ALAA"). *Code of Alabama* (1975) § 12-19-

22

270.[1] Business Ventures has also filed a motion to dismiss the complaint. (Doct. 6). Fahy has filed a motion to dismiss the counterclaim. (Doct. 7). Fahy filed a motion to amend the complaint which was granted without objection. In the amended complaint, he alleges that James Perkins, Jr., was the President, Chief Operating Officer, and alter ego of Business Ventures and, therefore is jointly liable for the claims asserted against the corporation.

## I. BUSINESS VENTURES' MOTION TO DISMISS

### A. The Arguments

Business Ventures asserts that the complaint is due to be dismissed because it "fails to invoke the jurisdiction of this court as it is not authorized in writing by plaintiff giving his consent as required" by section 216(b) of the FLSA. 29 U.S.C. § 216(b). Business Ventures was correct when the motion was filed. However, on October 19, 1998, Fahy rectified this deficiency by filing the required authorization and consent.

Business Ventures next asserts that the complaint is due to be dismissed as Fahy was "a salaried, contractual, supervisory management employee who did not produce any goods as defined" by the FLSA. Accordingly, Business Ventures claims that Fahy is not within under the jurisdiction of this court. In support of this claim, Business Ventures

---

[1] That statute in part is as follows:

> Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part.

2

has submitted an "Agreement for Services" purportedly executed by the parties in February 1995, hiring Fahy as a salaried employee. At the hearing on the motion, counsel for Business Ventures indicated that the facts would show that the provisions of the FLSA do not apply to Fahy as he is a "bona fide executive, administrative, or professional" employee and a computer systems person exempted by the FLSA. *See* 29 U.S.C. §§ 213(a)(1) and (17).[2] Fahy's counsel disputes these assertions.

---

[2] Section 213 provides, in pertinent part:

(a) Minimum wage and maximum hour requirements

The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to--

(1) any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of subchapter II of chapter 5 of Title 5, except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities); or

. . .

(17) any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is--

(A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

(B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

(C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or

(D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and

who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate

### B. Motion to Dismiss Standard

> A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not...[dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S. Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

*Williams v. City of Montgomery,* 21 F. Supp. 2d 1360, 1362 (M.D. Ala. 1998); *Kobatake v. E.I. DuPont De Nemours and Co.,* 162 F.3d 619, 623 n.2 (11th Cir. 1998). *See also Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998)("A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'").

Business Ventures has not met the strict test set out above. It has not demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Id.* To the contrary, the arguments of counsel demonstrate that the facts are in dispute and Fahy may not fit into one of the two exemptions cited. What is clear at this juncture is that the court can not conclude "beyond doubt" that Fahy is exempted from

---

of not less than $27.63 an hour.

the provisions of the FLSA. Accordingly, the motion is due to be denied.

## II. MOTION TO DISMISS COUNTERCLAIM

Business Ventures' counterclaim under the ALAA is due to be dismissed. The ALAA is a procedural mechanism for the state courts to maintain control over proceedings conducted before them. *McArdle v. Bromfield*, 540 So.2d 91, 93 (Ala. Civ. App. 1989). It is akin to *Fed. R. Civ. P.* 11. It is not applicable to this proceeding. Counsel for Business Ventures correctly acknowledged this at the hearing on the motion and did not oppose Fahy's motion to dismiss. Accordingly, the motion is due to be granted.

## III. CONCLUSION

Premised on the foregoing, Business Ventures' motion to dismiss the complaint is due to be denied and Fahy's motion to dismiss the counterclaim is due to be granted. An order consistent with the findings and conclusions reflected in this memorandum opinion will be entered contemporaneously herewith.

DONE this the 26th day of January, 1999.

JOHN E. OTT
UNITED STATES MAGISTRATE JUDGE